| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address<br>Randolph R. Ramirez, Esq.<br>1613 Chelsea Road, No.186<br>San Marino, CA 91108<br>Tel: 626.765.5411<br>Fax: 626.784.0480<br>297928<br><br>☐ Debtor appearing without attorney<br>☒ Attorney for Debtor | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA  LOS ANGELES DIVISION**

| In re:<br><br>ROSE R RAMIREZ<br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NUMBER: 2:18-bk-19952- NB<br>CHAPTER 13<br><br>**DEBTOR'S NOTICE OF**<br>**(1) 11 U.S.C. SECTION 341(a) MEETING**<br>**OF CREDITORS, AND (2) HEARING ON**<br>**CONFIRMATION OF CHAPTER 13 PLAN,**<br>**WITH COPY OF CHAPTER 13 PLAN**<br><br>**11 U.S.C. SECTION 341(a) MEETING OF CREDITORS:**<br>DATE: 10/05/2018<br>TIME: 9:00 am<br><br>**PLAN CONFIRMATION HEARING:**<br>DATE: 10/25/2018<br>TIME: 9:00 am<br><br>**DEADLINE FOR OBJECTIONS TO PLAN**\*: 11/19/2018<br><br>(*Debtor(s) must give at least 21 days' notice of response deadline and 35 days' notice of confirmation hearing.  This notice initially must be served at least 14 days before the date first set for the Section 341(a) meeting. FRBP 2002(a)(9)&(b)(3), 3015(f), LBR 3015-1(b)(3), (d)(1) & (g)(1).) |
|---|---|

**NOTICE TO ALL CREDITORS AND OTHER INTERESTED PARTIES:**

1. Debtor will seek approval of the attached Chapter 13 Plan (Plan) at the Plan confirmation hearing listed above.
2. Any proposed modification of secured claims in the Plan will be by separate motion using LBR Form F 4003-2.4.JR.LIEN.MOTION, F 4003-2.1.AVOID.LIEN.RP.MOTION *or* F 4003-2.2.AVOID.LIEN.PP.MOTION as applicable.
3. Debtor and Attorney for Debtor are required to appear at the 11 U.S.C. Section 341(a) meeting of creditors; and all other interested parties are invited, but not required, to attend.
4. You should read these papers carefully and discuss them with your attorney, if you have one. (*If you do not have an attorney, you may wish to consult one.*)

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure.  "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*                     Page 1                     **F 3015-1.02.NOTICE.341.CNFRM**

**SECTION 341(A) MEETING LOCATION:**

☒ 915 Wilshire Boulevard, 10th Floor, Room 1, Los Angeles, CA
☐ 411 West Fourth Street, 1st Floor, Room 1-154, Santa Ana, CA
☐ 21041 Burbank Boulevard, 1st Floor, Suite 100, Woodland Hills, CA
☐ 1415 State Street, 1st Floor, Room 148, Santa Barbara, CA
☐ 3801 University Avenue, 1st Floor, Room 101, Riverside, CA

**PLAN CONFIRMATION HEARING LOCATION:**

☒ 255 East Temple Street, Los Angeles, CA          ☐ 411 West Fourth Street, Santa Ana, CA
☐ 21041 Burbank Boulevard, Woodland Hills, CA      ☐ 1415 State Street, Santa Barbara, CA
☐ 3420 Twelfth Street, Riverside, CA
Courtroom: _____    Floor: _____

**OBJECTIONS TO PLAN:** If you object to the confirmation of the Plan, you must file your objection in writing with the court and serve a copy of it on Debtor, Attorney for Debtor, and the Chapter 13 Trustee before the Plan objection deadline stated above. Unless you timely file a written objection to the Plan and appear at the confirmation hearing, the court may treat your failure to do so as a forfeiture or waiver of your right to object to the plan, and may approve the Plan.

**APPEARANCES OF DEBTOR AND ATTORNEY FOR DEBTOR ARE REQUIRED AT BOTH THE SECTION 341(a) MEETING AND THE PLAN CONFIRMATION HEARING.** If the Chapter 13 Trustee determines at the Section 341(a) meeting that the case is ready for Plan confirmation, the Chapter 13 trustee may, but is not required to, stipulate that Debtor and counsel are excused from appearance at the Plan confirmation hearing (if the assigned judge permits the Chapter 13 Trustee to waive appearances). If the Chapter 13 Trustee determines at the Section 341(a) meeting that the Plan is NOT ready for confirmation, the Chapter 13 Trustee may, but is not required to, continue the Section 341(a) meeting and/or to request the court to continue the Plan confirmation hearing to a later date. **Unexcused failure by Debtor to appear at either the Section 341(a) meeting or the Plan confirmation hearing may result in dismissal of the case. The dismissal order may include a prohibition on being a debtor in any bankruptcy case for a period of 180 days pursuant to 11 U.S.C. § 109(g), or other remedies pursuant to applicable law.**

Date: 09/10/2018              /s/ Randolph R Ramirez_____
                              Signature of Debtor or Attorney for Debtor


                              RANDOLPH ROGER RAMIREZ, P.C._____
                              Print name of law firm (if applicable)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*                    Page 2                    **F 3015-1.02.NOTICE.341.CNFRM**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1613 Chelsea Road No.186, San Marino CA 91108

A true and correct copy of the foregoing document entitled: **DEBTOR'S NOTICE OF (1) 11 U.S.C. SECTION 341(a) MEETING OF CREDITORS, AND (2) HEARING ON CONFIRMATION OF CHAPTER 13 PLAN, WITH COPY OF CHAPTER 13 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 09/10/2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kathy A Dockery (TR) EFiling@LATrustee.com;
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov;

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 09/10/2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See attached Service List

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/10/2018 | Victoria Ramirez | /s/ Victoria Ramirez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*   Page 3   **F 3015-1.02.NOTICE.341.CNFRM**

In re Rose R Ramirez
Case no.: 2:18-19952

Service List

Barclays Bank
PO BOX 8803
Wilmington, DE 19899

Capital One
15000 Capital One Drive
Richmond, VA 23238

Capital One Bank
15000 Capital One Drive
Richmond, VA 23238

Capitol One Bank USA NA
15000 Capital One Dr.
Richmond, VA 23238

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH 43054-3025

Discover Card
PO BOX 15316
Wilmington, DE 19850

Sams Club
PO Box 965005
Orlando, FL 32896

SYNCB/Care Credit
PO Box 965036
Orlando, FL 32896-5036

SYNCB/TJX COS
PO Box 965015
Orlando, FL 32896-5036

SYNCB/Walmart
PO Box 965024
Orlando, FL 32896-5036

TBOM/ATLS/FORTIVA THD
PO BOX 10555
Atlanta, GA 30310

The Bank of Missouri
PO Box 105555
Atlanta, GA 30348

Wells Fargo Bank
PO Box 51166
Los Angeles, CA 90051

| | |
|---|---|
| Randolph Ramirez<br>1613 Chelsea Road, Ste. 186, San Marino, CA 91108<br>6263212404<br>6267840480<br>297928<br>rrr@4lawrrr.com<br><br>☐ *Debtor appearing without attorney*<br>☑ Attorney for Debtor | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES**

| | |
|---|---|
| List all names (including trade names) used by Debtor within the last 8 years:<br>Rose R Ramirez<br><br><br><br><br><br><br><br>Debtor(s). | CASE NUMBER: 2:18-bk-19952-NB<br>CHAPTER 13<br><br> **CHAPTER 13 PLAN** <br>☑ Original<br>☐ 1st Amened*<br>☐ 2nd Amened*<br>☐ 3rd Amened*<br>☐ __ Amened*<br>*List below which sections have been changed:<br>_____<br>[FRBP 3015(b); LBR 3015-1]<br><br>**11 U.S.C. SECTION 341(a) CREDITORS' MEETING**<br><br>DATE: 10/05/2018<br>TIME: 10:00 AM<br>ADDRESS: 915 Wilshire Blvd., 10th Floor,, Los Angeles, CA 90017<br><br>**PLAN CONFIRMATION HEARING: [LBR 3015-1(d)]**<br><br>DATE: 10/25/2018<br>TIME:09:30 AM<br>ADDRESS:Crtrm 1545, 255 E Temple St., Los Angeles, CA 90012 |

"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.
"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## Part 1: PRELIMINARY INFORMATION

**TO DEBTOR (THE TERM "DEBTOR" INCLUDES AND REFERS TO BOTH SPOUSES AS DEBTORS IN A JOINT BANKRUPTCY CASE):** This Chapter 13 Plan (Plan) sets out options that may be appropriate in some cases, but the presence of an option in this Plan does not indicate that the option is appropriate, or permissible, in your situation. A Plan that does not comply with local rules and judicial rulings may not be confirmable. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

**TO ALL CREDITORS:** This Plan is proposed by Debtor and your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

If you oppose this Plan's treatment of your claim or any provision of this Plan, you or your attorney must file a written objection to confirmation of the Plan at least 14 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. *See* FRBP 3015. In addition, you must file a timely proof of claim in order to be paid under any plan. *See* LBR 3015-1 and FRBP 3002(a).

Defaults will be cured using the interest rate set forth below in the Plan.

<u>The following matters may be of particular importance to you</u>
*Debtor must check one box on each line to state whether or not this Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or neither box is checked, the item will be ineffective if set out later as a provision in this Plan.*

1.1 Valuation of property and avoidance of a lien on property of the bankruptcy estate, set out in Class 3.A. and/or Section IV (11 U.S.C. § 506(a) and (d)):
☐ Included ☑ Not included

1.2 Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section IV (11 U.S.C. § 522(f)):
☐ Included ☑ Not included

1.3 Less than full payment of a domestic support obligation that has been assigned to a governmental unit, pursuant to 11 U.S.C. §1322(a)(4). This provision requires that payments in Part 2 Section I.A. be for a term of 60 months:
☐ Included ☑ Not included

1.4 Other Nonstandard Plan provisions, set out in Section IV:
☐ Included ☑ Not included

**ALL CREDITORS ARE REQUIRED TO FILE A PROOF OF CLAIM IN ORDER TO HAVE AN ALLOWED CLAIM, EXCEPT AS PROVIDED IN FRBP 3002(a).** Debtor, or Attorney for Debtor (if any), are solely responsible to object to a creditor's claim if Debtor deems it necessary. A Debtor whose Plan is confirmed may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

## Part 2: PLAN TERMS

Debtor proposes the following Plan terms and makes the following declarations:

### Section I.  PLAN PAYMENT AND LENGTH OF PLAN

A. Monthly Plan Payments will begin 30 days from the date the bankruptcy petition was filed. If the payment due date falls on the 29th, 30th, or 31st day of the month, payment is due on the 1st day of the following month (LBR 3015-1(k)(1)(A)).

Payments by Debtor of:

<u>$81.04</u> per month for months 1 through <u>36</u> totaling <u>$2,917.55</u>.
$___ per month for months ___ through ___ totaling ___.
$___ per month for months ___ through ___ totaling ___.

For a total plan length of <u>36</u> months totaling <u>$2,917.55</u>.

B. Nonpriority unsecured claims.

1. After Class 1 through Class 4 creditors are paid, allowed nonpriority unsecured claims that are not separately classified (Class 5) will be paid *pro rata*. If more than one option is checked below, the option providing the largest payment will be effective. *Check all that apply*.

   a. ☑ **"Percentage" plan:** <u>1.00%</u> of the total amount of these claims, for an estimated payment of <u>$214.00</u>.

   b. ☐ **"Residual" plan:** The remaining funds after disbursements have been made to all other creditors provided for in this Plan, estimated to pay <u>$214.00</u> equivalent to <u>1.00%</u> of these claims.

   c. ☐ **"Pot" plan:** The sum of <u>$214.00</u> estimated to pay <u>1.00%</u> of these claims.

2. Minimum Plan payments. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least the following amounts: (a) the sum of <u>$203,995.58</u> representing the value of non-exempt assets that would have to be paid to nonpriority unsecured creditors if the bankruptcy estate of Debtor were liquidated under Chapter 7 (11 U.S.C. § 1325(a)(3)) and (b) if Debtor has above-median income and otherwise subject to 11 U.S.C. § 1325(b), the sum of <u>$2,233.91</u>, representing all disposable income payable for 60 months.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*    Page 2    F 3015-1.01.CHAPTER13.PLA

C. Regular Plan payments to the Chapter 13 Trustee will be made from future income in the following manner: *Check all that apply:*

☐ Debtor will make Plan payments pursuant to a payroll deduction order.
[X] Debtor will make Plan payments directly to the Chapter 13 Trustee.
☐ Other (*specify method of payment*): _____

D. Income tax refunds. Debtor will provide the Chapter 13 Trustee with a copy of each income tax return filed during the Plan term within 14 days of filing the return and, unless the Plan provides 100% payment to nonpriority unsecured creditors (Class 5), will turn over to the Chapter 13 Trustee all income tax refunds in excess of $500 received during the Plan term.

E. In the event that secured creditor(s) file a Notice of Postpetition Fees and Costs pursuant to FRBP 3002.1(c), the Chapter 13 Trustee is authorized, but not required, to commence paying those charges 90 days after that notice is filed, unless within that time the Debtor contests those charges by filing a motion to determine payment under FRBP 3002.1(e) or agrees to pay those charges by filing a motion to modify this Plan.

F. Debtor must make preconfirmation adequate protection payments for any creditor that holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in this Plan. Debtor must make preconfirmation adequate protection payments and preconfirmation lease payments to the Chapter 13 Trustee for the following creditor(s) in the following amounts.

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| Wells Fargo Bank, N.A. | 108 Prairie Drive San Dimas 91773 | 7672 | $1,709.03 |
| | | | |

Each adequate protection payment or preconfirmation lease payment will accrue beginning the 30th day from the date of filing of the case. The Chapter 13 Trustee must deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will collect his or her statutory fee on all receipts made for preconfirmation adequate protection payments or preconfirmation lease payments.

G. Debtor must not incur debt greater than $1,000 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

H. The Chapter 13 Trustee is authorized to disburse funds after the date the Plan confirmation is announced in open court.

I. Debtor must file timely all postpetition tax returns and pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities.

J. Debtor must pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the bankruptcy petition.

K. If the Plan proposes to avoid a lien of a creditor, the Chapter 13 Trustee must not disburse any payments to that creditor on that lien until the Plan confirmation order is entered.

Section II. ORDER OF PAYMENT OF CLAIMS; CLASSIFICATION AND TREATMENT OF CLAIMS:

Except as otherwise provided in this Plan or by court order, the Chapter 13 Trustee must disburse all available funds for the payment of claims as follows:

**A. ORDER OF PAYMENT OF CLAIMS:**

The order of priority of payment of claims will be:

**1st** Domestic Support Obligations, if any; the Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date and Administrative expenses in this case until paid in full;

**2nd** Subject to the 1st paragraph, *pro rata* to all secured claims and all priority unsecured claims except as otherwise provided in this Plan.

**3rd** Non-priority unsecured creditors will be paid *pro rata* except as otherwise provided in this Plan. No payment will be made on nonpriority unsecured claims until all the above administrative, secured and priority claims have been paid in full unless otherwise provided in this Plan.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2017                Page 3                F 3015-1.01.CHAPTER13.PLAN

B. CLASSIFICATION AND TREATMENT OF CLAIMS

| CLASS 1 | | | |
|---|---|---|---|
| **ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507** | | | |
| Class 1 claims will be paid pro rata in the order set forth in Section II.A. above. | | | |
| Unless otherwise ordered by the court, the claim amount stated on a proof of claim, and the dollar amount of any allowed administrative expense, controls over any contrary amount listed below. | | | |
| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | TOTAL PAYMENT |
| **a. Administrative Expenses** | | | |
| (1) Chapter 13 trustee's fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | |
| (2) Attorney's Fees | $2,500.00 | | $2,500.00 |
| (3) Chapter 7 Trustee's Fees | | | |
| (4) Other | | | |
| (5) Other | | | |
| **b. Other Priority Claims** | | | |
| (1) Internal Revenue Service | $0.00 | 0.00 % | $0.00 |
| (2) Franchise Tax Board | $0.00 | 0.00 % | $0.00 |
| (3) Domestic Support Obligation | $0.00 | 0.00 % | $0.00 |
| (4) Other | $0.00 | 0.00 % | $0.00 |
| Domestic Support Obligations that have been assigned to a governmental unit and are not to be paid in full in the Plan pursuant to 11 U.S.C. §1322(a)(4) (this provision requires that payments in Part 2 Section I.A. be for a term of 60 months) (specify creditor name): | | | |
| | | | |

| CLASS 2 | | | | | |
|---|---|---|---|---|---|
| **CLAIMS SECURED SOLELY BY PROPERTY THAT IS DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE** | | | | | |

Check One.

☐ **None.** If "None" is checked, the rest of this form for Class 2 need not be completed.

☑ Debtor will maintain and make the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure the prepetition arrearages, if any, on a listed claim through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated.

Unless otherwise ordered by the court, the arrearage amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | POST-PETITION MORTGAGE PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| Wells Fargo Bank | 7672 | $437,466.56 | 2.50% | $250.00 | $100,000.00 | ☐ Trustee<br>☑ Debtor |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| CLASS 3A |
|---|
| **CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE PAID IN FULL DURING THE TERM OF THIS PLAN.** |
| Check One. |
| ☑ **None.** If "None" is checked, the rest of this form for Class 3A need not be completed. |

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

| CLASS 3B |
|---|
| **SECURED CLAIMS EXCLUDED FROM 11 U.S.C. §506** |
| Check One. |
| ☑ **None.** If "None" is checked, the rest of this form for Class 3B need not be completed. |

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*       Page 5       F 3015-1.01.CHAPTER13.PLAN

| CLASS 4 |||||||
|---|---|---|---|---|---|---|
| **OTHER CLAIMS ON WHICH THE LAST PAYMENT ON A CLAIM IS DUE AFTER THE DATE ON WHICH THE FINAL PLAN PAYMENT IS DUE** |||||||
| Check One. |||||||
| ☑ **None.** If "None" is checked, the rest of this form for Class 4 need not be completed. |||||||
| | | Cure of Default |||||
| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | POST-PETITION MORTGAGE PAYMENT DISBURSING AGENT |
| | | | | | | |

| CLASS 5 |
|---|
| **NON-PRIORITY UNSECURED CLAIMS** |
| a. Allowed nonpriority unsecured claims not separately classified must be paid pursuant to Section I.B. above. |
| b. Separate classification: |
| **Check all that apply if Debtor poses any separate classification of nonpriority unsecured claims.** |
| ☑ **None.** If "None" is checked, the rest of this form for Class 5 need not be completed. |

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|
| | | | | |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*　　　　　　Page 6　　　　　　F 3015-1.01.CHAPTER13.PLAN

| CLASS 6 |
|---|

### SURRENDER OF COLLATERAL

Check One.

☑ **None**. If "None" is checked, the rest of this form for Class 6 need not be completed.

Creditor Name:                                                      Description:

| CLASS 7 |
|---|

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Check One.

☑ **None**. If "None" is checked, the rest of this form for Class 7 need not be completed.

Creditor Name:

Description:

☐ Rejected  ☐ Assumed cure amount (if any):

Payments to be cured within ___ months of filing the bankruptcy petition. All cure payments will be made through the Chapter 13 Trustee.

**Section III. PLAN SUMMARY**

| | |
|---|---|
| CLASS 1a | $2,500.00 |
| CLASS 1b | $0.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $100,000.00 |
| CLASS 3A | $0.00 |
| CLASS 3B | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5 | $214.00 |
| CLASS 6 | $0.00 |
| CLASS 7 | $0.00 |
| SUB-TOTAL | $102,714.00 |
| **CHAPTER 13 TRUSTEE'S FEE** (Estimated 11% unless advised otherwise) | $203.55 |
| **TOTAL PAYMENT** | **$2,917.55** |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                        Page 7                        F 3015-1.01.CHAPTER13.PLAN

**Section IV. NON-STANDARD PLAN PROVISIONS**

☐ **None**. *If "None" is checked, the rest of Section IV need not be completed.*

    **WARNING:** Pursuant to FRBP 3015(c), Debtor must set forth all nonstandard Plan provisions in this Plan in this separate Section IV of this Plan and must check off the "Included" box or boxes in Paragraphs 1.1, 1.2, 1.3 and/or 1.4 of Part 1 of this Plan.

    A nonstandard Plan provision means any Plan provision not otherwise included in this mandatory Chapter 13 Plan form of the United States Bankruptcy Court for the Central District of California, or any Plan provision deviating from this form.

    A nonstandard Plan provision is ineffective unless: (1) Debtor states it in this separate Section IV and; (2) Debtor checks off the applicable "Included" box in Paragraph 1.1., 1.2, 1.3 or 1.4. of Part 1 of this Plan.

    The nonstandard Plan provisions seeking modification of liens and security interests address only those liens and security interests known to Debtor, and known to be subject to avoidance, and all rights are reserved as to any matters not currently known to Debtor.

    A. <u>Debtor's Intent to File Separate Motion to Value Property Subject to Creditor's Lien or Avoid Creditor's Lien [11 U.S.C. § 506(a) and (d)]</u>

        Debtor will file a Motion to value real or personal property of the bankruptcy estate listed below and/or to avoid a lien pursuant to 11 U.S.C §506(a) and §506(d).

        **Name of Creditor Lienholder/Servicer:** _____

        **Description of lien and collateral (e.g., 2nd lien on 123 Main St.):** _____

        **Name of Creditor Lienholder/Servicer:** _____

        **Description of lien and collateral (e.g., 2nd lien on 123 Main St.):** _____

    B. <u>Debtor's Intent to File Separate Motion to Avoid Creditor's Judicial Lien or Nonpossessory, Nonpurchase Security Interest [11 U.S.C. § 522(f)]</u>

        Debtor will file a Motion to avoid a judicial lien or nonpossessory, nonpurchase-money security interest, on real or personal property of the bankruptcy estate listed below pursuant to 11 U.S.C § 522(f). If the court enters an order avoiding a lien under 11 U.S.C. § 522(f), the Chapter 13 Trustee will not pay any claim filed based on that lien as a secured claim.

        **Name of Creditor Lienholder/Servicer:** _____

        **Description of lien and collateral (e.g., 2nd lien on 123 Main St.):** _____

        **Name of Creditor Lienholder/Servicer:** _____

        **Description of lien and collateral (e.g., 2nd lien on 123 Main St.):** _____

    C. <u>Debtor's Request in this Plan to Modify Creditor's Secured Claim and Lien</u>

Debtor proposes to modify the following secured claims and liens in this Plan without a separate motion or adversary proceeding - this Plan will serve as the motion to value the collateral and/or avoid the liens as proposed below. **To use this option, Debtor must serve this Plan, LBR Form F 3015-1.02.NOTICE.341.PLAN.CONFRM and all related exhibits as instructed in that form.**

---

**DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN**

**TO CREDITOR LIENHOLDER/SERVICER** _____<u>WELLS FARGO BANK, N.A.</u>_____

[X] Real property collateral (street address and/or legal description or document recording number, including county of recording):

_____<u>108 Prairie Drive, San Dimas, CA 91773</u>_____
(attach page with legal description of property or document recording number as appropriate).

☐ Other collateral
_____
(add description such as judgment date, date and place of lien recording, book and page number):

☐ 11 U.S.C. § 522(f) – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

☐ 11 U.S.C. § 506(a) and (d) – Debtor seeks avoidance of your lien(s) on the above described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under nonbankruptcy law or one of the following:

*(check all that apply and see LBR Form F 4003-2.4.ORDER.AFTERDISCH):*

☐ (1) discharge under 11 U.S.C. § 1328, or

☐ (2) if the value of the "amount of remaining secured claim" listed below is "$-0-" then upon completion of all Plan payments.

Value of collateral: ............................................................................................... $____

Liens reducing equity (to which subject lien can attach):

$ ____ + $____ + $____ = ($____)

Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)): ……………..  ($____)

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form Attachment B, C and/or D to this Plan, as applicable.** *(Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.)*

Amount of remaining secured claim (negative results should be listed as $-0-): ............. $____

**Note:** See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*          Page 8        3015-1.01.CHAPTER13.PLAN

**D. Other Non-Standard Plan Provisions** (*use attachment, if necessary*):

**V. REVESTING OF PROPERTY**

Property of the bankruptcy estate will not revest in Debtor until a discharge is granted or the case is dismissed or closed without discharge. Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will not have any further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, Debtor must seek approval of the court to purchase, sell, or refinance real property.

By filing this document, the Attorney for Debtor, or Debtor if not represented by an attorney, also certify(es) that the wording and order of the provisions in this Plan are identical to those contained in the Central District of California Chapter 13 Plan other than any nonstandard Plan provisions included in Section IV.

Date: 09/11/2018

Attorney for Debtor(s)

Debtor

Debtor 2

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*    Page 9    **3015-1.01.CHAPTER13.PLAN**